# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## CORRECTED DOCKETING STATEMENT

Case Name:
Jim Beicker, Sheriff of Fremont County, et al.
Appellants-Petitioners
v.
John Hickenlooper, Governor of Colorado
Appellee-Respondent

Appeal No.: 14-1292

Court/Agency Appeal From: United States District Court for the District of Colorado

Court/Agency Docket No.: 13-CV-1300

District Judge: Marcia S. Krieger

Party or Parties filing Notice of Appeal/Petition:

Jim Beicker (Sheriff of Fremont County), Rick Besecker (Sheriff of Gunnison County), Ronald Bruce (Sheriff of Hinsdale County), David D. Campbell (Sheriff of Baca County), James (Jim) Casias (Sheriff of Las Animas County), Miles Clark (Sheriff of Crowley County), John B. Cooke (Sheriff of Weld County), James Crone (Sheriff of Morgan County), Douglas N. Darr (Sheriff of Adams County), Chad Day (Sheriff of Yuma County), Rick Dunlap (Sheriff of Montrose County), David Encinias (Sheriff of Bent County), Mike Ensminger (Sheriff of Teller County), James Faull (Sheriff of Prowers County), Rod Fenske (Sheriff of Lake County), Scott Fischer (Sheriff of Jackson County), Forrest Frazee (Sheriff of Kiowa County), Peter Gonzalez (Sheriff of Archuleta County), Bruce W. Hartman (Sheriff of Gilpin County), Shayne Heap (Sheriff of Elbert County), Fred Hosselkus (Sheriff of Mineral County), Tim Jantz (Sheriff of Moffat County), Fred Jobe (Sheriff of Custer County), Chris S. Johnson (Sheriff of Otero County), Rodney Johnson (Sheriff of Grand County), Donald Krueger (Sheriff of Clear Creek County), Larry Kuntz (Sheriff of Washington County), Sue Kurtz (Sheriff of San Juan County), Terry Maketa (Sheriff of El Paso County), Jerry Martin (Sheriff of Dolores County), Dominic Mattivi, Jr. (Sheriff of Ouray County), Fred D. McKee (Sheriff of Delta County), Amos Medina (Sheriff of Costilla County), Ted B. Mink (Sheriff of

Jefferson County), John **Minor** (Sheriff of Summit County), Tom Nestor (Sheriff of Lincoln County), Bruce Newman (Sheriff of Huerfano County), Mike Norris (Sheriff of Saguache County), Brian E. Norton (Sheriff of Rio Grande County), Randy Peck (Sheriff of Sedgwick County), Brett L. Powell (Sheriff of Logan County), Ken Putnam (Sheriff of Cheyenne County), Tom Ridnour (Sheriff of Kit Carson County), Grayson Robinson (Sheriff of Arapahoe County, ret.), Duke Schirard (Sheriff of La Plata County), Justin Smith (Sheriff of Larimer County), Dennis Spruell (Sheriff of Montezuma County), Dave Stong (Sheriff of Alamosa County), Charles "Rob" Urbach (Sheriff of Phillips County), Lou Vallario (Sheriff of Garfield County), David A. Weaver (Sheriff of Douglas County), Fred Wegener (Sheriff of Park County), Garrett Wiggins (Sheriff of Routt County), Si Woodruff (Sheriff of Rio Blanco County), David Strumillo

_____

I. **TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

   A. **APPEAL FROM DISTRICT COURT**

      1. Date notice of appeal filed: <u>July 28, 2014</u>

         a. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal: <u>NO</u>

         b. Is the United States or an officer or an agency of the United States a party to this appeal? <u>NO</u>

      2. Authority fixing time limit for filing notice of appeal:

| | |
|---|---|
| Fed. R. App. 4 (a)(1)(A) <u> X </u> | Fed. R. App. 4(a)(6) ____ |
| Fed. R. App. 4 (a)(1)(B) ____ | Fed. R. App. 4(b)(1) ____ |
| Fed. R. App. 4 (a)(2) ____ | Fed. R. App. 4(b)(3) ____ |
| Fed. R. App. 4 (a)(3) ____ | Fed. R. App. 4(b)(4) ____ |
| Fed. R. App. 4 (a)(4) ____ | Fed. R. App. 4(c) ____ |
| Fed. R. App. 4 (a)(5) ____ | |

Other: _____

      3. Date final judgment or order to be reviewed was filed and **entered** on the district court docket: <u>June 26, 2014</u>

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).
   <u>YES</u>

   **(If the order being appealed is not final, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?

   c. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable?

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court: <u>NONE</u>

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?_____
   _____

B. **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

   1. Date petition for review was filed: _____

   2. Date of the order to be reviewed: _____

   3. Specify the statute or other authority granting the court of appeals

jurisdiction to review the order: _____
_____

4. Specify the time limit for filing the petition (cite specific statutory section or other authority): _____
_____

C. **APPEAL OF TAX COURT DECISION**

1. Date notice of appeal was filed: _____
(If notice was filed by mail, attach proof of postmark.)

2. Time limit for filing notice of appeal: _____

3. Date of entry of decision appealed: _____

4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II. **LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).** If none, please so state.

14-1290. Appeal from the same District Court case, by the other plaintiffs in that case.

III. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE PRESENT ACTION AND RESULT BELOW.**

Appellants are 54 Colorado County Sheriffs, and one retired police officer (Mr. David Strumillo). Along with the other plaintiffs (those in 14-1290), the Sheriffs and Mr. Strumillo filed suit in the United States District Court for the District of Colorado on May 17, 2013. The suit was brought against Governor John Hickenlooper, pursuant to *Ex parte Young*.

The suit involved two recently-enacted Colorado statutes, contained in House Bills 13-1224 and 13-1229. The first statute (1224) outlaws firearms magazines which can hold more than 15 rounds, or can be converted to do so. The second statute (1229) requires that all firearms sales between private persons, most temporary firearms loans between private persons, and the return of loaned firearms must be processed at the premises of a Federal Firearms Licensee (a gun store) as if the gun store were selling a firearm out of its own inventory.

Plaintiffs argued that the aforesaid statutes were contrary to the Second Amendment, the Fourteenth Amendment (including for vagueness of some provisions), and the Americans with Disabilities Act, either facially or as applied.

The day that the lawsuit was filed, the Colorado Attorney General released "Technical Guidance" offering non-binding interpretations of the meaning of two provisions in House Bill 1224: the prohibition on magazines which are "designed to be readily converted" to hold more than 15 rounds, and the requirement that owners of grandfathered magazines maintain "continuous possession" of those magazines.

On June 12, 2013, plaintiffs filed a pre-enforcement motion for a temporary restraining order and /or for a preliminary injunction against the "readily converted" and "continuous possession" clauses of HB 1224.

On the eve of the July 10, 2014, preliminary injunction hearing, the parties reached an agreement for a stipulated injunction regarding the "readily converted" and "continuous possession" clauses. On July 10, the District Court declined to issue the stipulated injunction, on the grounds that there was no case or controversy, because no-one was at imminent risk of criminal prosecution, since Defendant had stated that he considered the terms of the stipulated injunction legally binding on him even without an injunction.

Later that same day, the Attorney General issued another "Technical Guidance" statement, containing language which had been proposed for the stipulated injunction. The July 10 Technical Guidance letter did not withdraw Technical Guidance letter which had been previously issued. Plaintiffs contended that May and July Technical Guidances are mutually incompatible.

On August 1, 2013, Defendant filed a motion to dismiss the Sheriffs in their official capacities, and expressly stated that he was not seeking to dismiss the Sheriffs in their individual capacities (i.e., as American citizens who personally own and use firearms and magazines).

Defendant argued that the "political subdivision" standing doctrine barred the Sheriffs from bringing claims in their official capacities. The Sheriffs argued that they qualified for various exceptions to that doctrine. Inter alia, the Sheriffs urged that they had statutory standing under the Americans with Disabilities Act, to bring third-party claims on behalf of retired disabled deputies from their Offices.

The Motion to Dismiss also sought dismissal of two vagueness claims brought by plaintiffs. Defendant argued that expressly non-binding "Technical Guidance" issued by the Attorney General in May 2013 and July 2013 had solved any vagueness problems.

While the Motion to Dismiss was pending, discovery took place, and was completed in mid-November, 2013. Defendant conducted discovery of the Mr. Strumillo and of the Sheriffs; discovery for the latter included the full range of topics involving official capacity (e.g., operation of the Sheriff's Office) and of individual capacity (e.g., a Sheriff's personal and family firearms ownership, hunting experience, etc.).

On November 27, 2013, the District Court dismissed the Sheriffs in all capacities.

On December 9, 2013, the plaintiffs filed an unopposed Motion to Alter or Amend the Nov. 27 judgment, to keep the Sheriffs in the case in their individual capacities. The District Court denied the motion.

The District Court's Nov. 27, 2013, Order also dismissed one of the two vagueness claims that had been brought by the plaintiffs.

The District Court allowed only one type of curative amendment to the Complaint: that the Sheriffs to could attempt to join the case in their individual capacities.

Accordingly, the 55 Sheriffs filed a new proposed Amended Complaint to join in the case. On December 19, 2013, the Court ruled that 11 term-limited Sheriffs, whose terms as Sheriffs will end in January 2015, could participate as plaintiffs challenging the magazine ban.

Pursuant to the District Court's December 19 oral instructions, a Fourth Amended Complaint was filed on Dec. 23, 2013, by all the remaining plaintiffs. That complaint is the operative complaint in the case.

At the Final Pretrial Conference on Feb. 20, 2014, the District Court instructed the parties that standing was not an issue for consideration at trial. Rather, according to the Court, standing was a matter to be resolved pretrial, to decide whether a trial was necessary. Accordingly, the Court allowed Defendant to file another pretrial Motion to Dismiss; that Motion was filed on March 7, 2014. Plaintiffs filed their Response brief on March 14, 2014. The Court did not rule on that motion before the trial.

A nine-day trial began on March 31, 2014, and concluded on April 10, 2013.

In May 2014, Mesa County Sheriff Stan Hilkey asked for and was granted voluntary dismissal from the case. He had been one of the original plaintiffs, and had also been an individual capacity plaintiff pursuant to the Fourth Amended Complaint of Dec. 23, 2013. Mr. Hilkey asked for dismissal because he was going to appointed Executive Director of the Colorado Department of Public Safety. As a member of Governor Hickenlooper's cabinet, he did not wish to participate in litigation against the Governor. Thus, while the case began with 55 Sheriffs, there are now 54 Sheriff appellants.

The District Court issued an opinion and order on June 26, 2014, ruling in favor of Defendant on all claims. In that same order, the Court denied Defendant's pre-trial March 7, 2014, Motion to Dismiss.

IV.  **ISSUES RAISED IN THIS APPEAL.**

Does House Bill 1224 in its entirety or in part violate the Second Amendment, either facially or as applied?

Does House Bill 1229 in its entirety or in part violate the Second Amendment, either facially or as applied?

Does House Bill 1224 in its entirety or in part violate the Fourteenth Amendment, either facially or as applied?

Do Housed Bill 1299 in its entirety or in part violate the Fourteenth Amendment, either facially or as applied?

Does House Bill 1224 in its entirety or in part violate Title II of the Americans with Disabilities Act, either facially or as applied?

Does House Bill 1229 in its entirety or in part violate Title II of the Americans with

Disabilities Act, either facially or as applied?

Was the District Court correct as a matter of law that the political subdivision doctrine precludes the Sheriffs from having standing in their official capacity?

Did the District Court abuse its discretion regarding the repleading allowed after the decision on the motion to dismiss, and regarding the scope of permissible participation by Sheriffs in their individual capacity?

Was the District Court correct that HB 1224 or HB 1229 are not unconstitutionally vague, and that plaintiffs had standing to challenge only some of the alleged vagueness?

Did the District Court err by failing to rule on Plaintiffs' and Defendant's Joint Motion to Strike Expert Testimony pursuant to Fed. R. Evid. 702, especially where such failure has denied this Court the opportunity to gauge whether the District Court adequately performed its gatekeeping function?

V. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

    A. Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed? _____

    B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction?_____

    C. Describe the sentence imposed.
_____

    D. Was the sentence imposed after a plea of guilty? _____

    E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    F. Is defendant on probation or at liberty pending appeal? _____

    G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? _____

    **NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall

consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the clerk of the district court with a copy filed in the court of appeals.

## VI. ATTORNEY FILING DOCKETING STATEMENT:

Name**: David B. Kopel**                Telephone: 303-279-6536  x112

Firm:  Independence Institute

Email Address: david@i2i.org

Address: 727 East 16th Ave., Denver, Colorado 80203

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

A.    X    Appellant

B.    **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

    X    Retained Attorney

/s/David B. Kopel                Aug. 12, 2014
_____    _____
Signature                    Date
X    Attorney at Law

## CERTIFICATE OF SERVICE

I, David B. Kopel hereby certify that on August 12, 2014, I served a copy of the foregoing **Corrected Docketing Statement,**

to:

Daniel D. Domenico, Matthew Grove, Kathleen L. Spalding, Stephanie Scoville,  and

LeeAnn Morrill, at Office of the Attorney General, Ralph L. Carr Colorado Judicial Center, 1300 Broadway, 10th Floor, Denver, CO 80203, counsel for appellee, at their last known, address/email address, by delivery by the 10th Circuit's CM/ECF system.

/s/David B. Kopel
Signature

August 7, 2014
Date

David B. Kopel
INDEPENDENCE INSTITUTE
727 E 16th Ave.
Denver, Colorado 80203
Telephone: 303-279-6536

**ATTACHMENTS:**

The following documents are attached:

(1) The District Court's Findings of Fact, Conclusions of Law, and Order, as well as the corresponding and separate Judgment, both of which were entered on June 26, 2014. These are attached as supplementary files.

(2) The District Court's Opinion and Order Granting in Part and Denying in Part Defendant's Motion to Dismiss, which was entered in this action on November 27, 2013. This is attached as a supplementary file.

(3) The District Court's Denial of Plaintiffs' unopposed Motion to Alter or Amend the Order described in (2), which was entered on December 12, 2013. This is copied and is included below.

(4) The District Court's Denial in Part of Plaintiffs' Motion for Joinder and for Leave to File an Amended Complaint, which was entered on December 19, 2013. This document will be supplied when the transcript is prepared by the Court Reporter.

(5) The District Court's instruction to the Plaintiffs at the Feb. 20, 2014, Final Pretrial Conference that evidence regarding standing should not be presented at trial. This document will be supplied when the transcript is prepared by the Court Reporter.

The ruling in (3) is the following:

12/12/2013   Docket number 107
ORDER denying 102 Motion to Amend/Correct/Modify.

Having reviewed the Second Amended Complaint, the Court finds that under the standards of Ashcroft v. Iqbal, 556 U.S. 663 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), there is no plausible claim stated by any individual currently serving as sheriff. Therefore, no further clarification or modification of the Courts November 27, 2013, Order 96 on the Motion to Dismiss is appropriate. The motion is DENIED. By Chief Judge Marcia S. Krieger on 12/12/2013. Text Only Entry(msklc3, ) (Entered: 12/12/201)