UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| COLORADO OUTFITTERS ASSOCIATION, *et al.*, <br><br>  Plaintiffs-Appellants, <br><br> vs. <br><br> JOHN W. HICKENLOOPER, Governor of the State of Colorado, <br><br>  Defendant-Appellee, <br><br> and <br><br> JIM BEICKER, Sheriff of Fremont County, *et al.*, <br><br>  Plaintiffs-Appellants, <br><br> vs. <br><br> JOHN W. HICKENLOOPER, Governor of the State of Colorado, <br><br>  Defendant-Appellee. | Case Nos. 14-1290 and 14-1292 |

**UNOPPOSED MOTION TO CONSOLIDATE
APPEAL NOS. 14-1290 AND 14-1292**

Plaintiffs-Appellants in the above-captioned appeals hereby move this Court to consolidate the appeals designated as Nos. 14-1290 and 14-1292, respectively.

1. These appeals arise from a constitutional challenge to new state gun laws in the State of Colorado. The plaintiffs included Colorado businesses, non-profit organizations, individuals, and 55 county Sheriffs. For purposes of this motion, the plaintiffs are categorized as law enforcement plaintiffs ("the Sheriffs"), and all other plaintiffs ("non-Sheriffs"). The Sheriffs' appeal, no. 14-1292, includes the Sheriffs and retired police officer David Strumillo.

2. Early in the proceedings before the district court, an important jurisdictional issue arose, which impacted only the Sheriffs. In an order issued on November 27, 2013, the district court held that the Sheriffs lacked standing to sue the State in their official capacities, and dismissed them from the case.[1]

3. Accordingly, once the district court issued its final order and judgment on June 26, 2014, the Sheriffs filed a separate appeal (now designated as No. 14-1292) in light of the unique jurisdictional standing issue they must address before this Court.

4. Counsel for all the parties, including counsel for the Governor, have conferred concerning consolidation of the appeals. The parties agree that the

---

[1] The district court subsequently permitted eleven sheriffs to re-enter the case to pursue claims in their individual capacities.

appeals should be consolidated for the sake of judicial efficiency, ease of case administration, and to establish a unified set of briefing deadlines.

5. The Sheriffs fully intend to file their own Opening Brief and Reply Brief pursuant to 10th Cir. R. 31.3(B). Their briefs will contain the requisite certificate of counsel explaining why separate briefs are necessary. Counsel for the Sheriffs and counsel for the non-Sheriffs will coordinate their briefing to avoid any unnecessary duplication.

Respectfully submitted this 25th day of September, 2014.

HALE WESTFALL, LLP


s/Peter J. Krumholz
Peter J. Krumholz
1445 Market Street, Suite 300
Denver, Colorado 80202
Tel:  720-904-6010
Fax:  720-904-6020
pkrumholz@halewestfall.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **UNOPPOSED MOTION TO CONSOLIDATE APPEAL NOS. 14-1290 AND 14-1292** was served via ECF on the following:

| | |
|---|---|
| Matthew Grove | matt.grove@state.co.us |
| Kathleen Spalding | kit.spalding@state.co.us |
| Daniel D. Domenico | dan.domenico@state.co.us |
| Stephanie Scoville | stephanie.scoville@state.co.us |
| LeeAnn Morrill | leeann.morrill@state.co.us |
| David B. Kopel | david@i2i.org |
| Douglas Abbott | dabbott@hollandhart.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

                                            s/Bethany Lillis
                                            Bethany Lillis