UNITED STATES COURT OF APPEALS FOR
THE TENTH CIRCUIT

| | |
|---|---|
| COLORADO OUTFITTERS ASSOCIATION, *et al.*, <br><br> Plaintiffs-Appellants, <br> v. <br><br> JOHN W. HICKENLOOPER, Governor of the State of Colorado, <br><br> Defendant-Appellee, | No. 14-1290 |
| JIM BEICKER, Sheriff of Fremont County, *et al.*, <br><br> Plaintiffs-Appellants, <br> v. <br><br> JOHN W. HICKENLOOPER, Governor of the State of Colorado, <br><br> Defendant-Appellee. | No. 14-1292 |

**REPLY IN SUPPORT OF MOTION TO STRIKE APPENDICES AND ASSOCIATED ARGUMENTS IN REPLY BRIEFS**

1

Defendant-Appellee John W. Hickenlooper, by and through undersigned counsel, submits the following reply in support of his motion to strike some 56 pages of evidence that were not presented to the district court, but which Plaintiffs attached to their reply briefs on appeal.

1. The Non-Profits concede, as they must, that the 38-page spreadsheet that they attached to their reply brief was neither offered into evidence nor admitted by the district court. They do not claim that they have ever before advanced the new arguments based on the data that the spreadsheet contains; nor do they contest the bedrock principle that the appellate record is limited to the evidence presented below. *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000) ("This court will not consider material outside the record before the district court.").

2. Instead, the Non-Profits assert there is a "current trend of allowing amici to present extra-record evidence," Response at 6, and claim that their new evidence and arguments are simply a response to material in the brief *amicus curiae* submitted by Everytown for Gun Safety.

3. Regardless of whether it is appropriate for an *amicus* to "present extra-record evidence" that is not judicially noticeable, the inclusion of that type of material in an *amicus* brief does not re-open the evidentiary door for a party that is dissatisfied with the record it developed below. Rather, the acceptable response under the appellate rules is either to assume that the reviewing court will restrict its review to the record or to explicitly urge the court to do so. Relying on arguments presented by an *amicus* to bootstrap supplementation of the record is never proper—particularly when that bootstrapping occurs for the first time in a reply brief. *See West Coast Life Ins. v. Hoar*, 558 F.3d 1151, 1157 (10th Cir. 2009) ("[T]his court is reluctant to consider evidence raised only in a reply brief, leaving the opposing party no opportunity to challenge its validity or relevance.").

4. As for the Sheriffs, they lack even the excuse that the Non-Profits offer. Neither the Governor's answer brief nor any of the *amici* relied upon any statistical data on mass shootings beyond what was in the trial record, and although the Sheriffs characterize their appendix as "a newly organized description of information already in the record," Response at 7, it is anything but.

5. Even leaving aside the fact that the analysis was never presented to the district court and is based largely on information that was not admitted as substantive evidence, *see* Motion to Strike ¶ 9, it is an advanced statistical analysis that could only be presented by an expert. *See Johnson v. United States HHS*, 1992 U.S. Dist. LEXIS 22673, *47 (N.D. Ohio Sept. 10, 1992) ("First, plaintiffs' counsel is not and never qualified himself as an expert in statistics. He purports to summarize data, run percentages and perform statistical computations on data although he is not qualified to do the same and cannot be cross-examined on his background or methods. As such, plaintiffs attempt to prove a disparate impact case based on their attorney's statistical analysis must fail at the outset."); *see also Frazier v. Consolidated Rail Corp.*, 851 F.2d 1447, 1452 (D.C. Cir. 1988).

6. Accordingly, both the Sheriffs' appendix and Exhibit 1 to the Non-Profits reply brief, as well as the accompanying arguments, should be stricken. This Court should also decline Plaintiffs' invitation to supplement the record with these materials. "Rule 10(e) 'allows a party to supplement the record on appeal' but 'does not grant a license to build a new record.'" *Kennedy*, 225 F.3d at 1191 (quoting *Anthony v.*

*United States*, 667 F.2d 870. 875 (10th Cir. 1981)). Because the appendix and exhibit at issue were "not before the district court, Rule 10(e) does not countenance supplementing the record in this instance." *Kennedy*, 225 F.3d at 1191.

Respectfully submitted this 2nd day of July, 2015.

<div style="margin-left: 2em;">

CYNTHIA H. COFFMAN
Attorney General

s/ *Matthew D. Grove*
_____
MATTHEW D. GROVE *
Assistant Solicitor General
KATHLEEN SPALDING*
Senior Assistant Attorney General
STEPHANIE LINDQUIST
  SCOVILLE*
Senior Assistant Attorney General
LEEANN MORRILL*
First Assistant Attorney General

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2015, a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO STRIKE APPENDICES AND ASSOCIATED ARGUMENTS IN REPLY BRIEFS** was served via ECF on the following:

| | |
|---|---|
| David B. Kopel | david@i2i.org |
| | |
| Jonathan M. Anderson | jmanderson@hollandhart.com |
| Douglas L. Abbott | dabbot@hollandhart.com |
| | |
| Richard A. Westfall | rwestfall@halewestfall.com |
| Peter J. Krumholz | pkrumholz@halewestfall.com |
| | |
| Marc F. Colin | mcolin@brunolawyers.com |
| Jonathan Watson | jwatson@brunolawyers.com |
| | |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

          *s/Matthew D. Grove*

<u>CERTIFICATE OF COMPLIANCE AND DIGITAL SUBMISSION</u>

No privacy redactions were necessary. Any additional hard copies required to be submitted are exact duplicates of this digital submission.

The digital submission has been scanned for viruses with the most recent version of a commercial virus scanning program, System Center Endpoint Protection, Antivirus definition 1.201.692.0, Engine Version 1.1.11804.0, dated July 2, 2015, and according to the program is free of viruses.

<u>s/ *Matthew D. Grove*</u>

Dated: July 2, 2015