# THE LAW OFFICES
# OF
# DAVID A. HELMER, LLC

DAVID A. HELMER
------------------------------
NATALIE J. FRENCH
WM. ALEX MARSH
JOSEPH G. S. GREENLEE

611 MAIN STREET
P. O. BOX 868
FRISCO, CO 80443-0868

TELEPHONE (970) 668-0181
DENVER (303) 674-2118
FAX (970) 668-3294

July 2, 2015

<u>FILED VIA CM-ECF</u>

Elisabeth A. Shumaker, Clerk
United States Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

RE: Colorado Outfitters Association, e*t al.*, v. John W. Hickenlooper: Case No. 14-1290
Jim Beicker, *et al.*, v. John W. Hickenlooper: Case No. 14-1292

Dear Ms. Shumaker:

Appellants respectfully request, under Rule 28(j) of the Federal Rules of Appellate Procedure, that the Court consider the following supplemental authorities in support of the referenced arguments.

First, Appellants argued that HB1224 triggers strict scrutiny because it is a law of general applicability that applies to every law-abiding citizen, implicates a fundamental right, and applies in all times, places, and manners. SheriffsBr.30-32; NonprofitBr.26-28. *Bonidy v. U.S. Postal Serv.*, No.13-1374, 2015WL3916547 (10th Cir. 2015) supports this argument. In *Bonidy*, this Court assumed without deciding that the Second Amendment applies to regulations limiting Second Amendment rights *outside* the home, and such regulations would be subject only to

intermediate scrutiny. *Id.* at *4. This Court observed that to the extent the Second Amendment applies outside the home, it applies "with less force" because the need for self-defense is "less acute" outside the home, and "[t]he right to carry weapons in public for self-defense poses inherent risks to others." *Id.* A logical extension of *Bonidy*'s reasoning is that a restriction applicable *inside* the home – where the Second Amendment applies with greater force, the need for self-defense is more acute, and the risk to others is lower – is subject to a higher level of scrutiny.

Second, Appellants argued that both HB1224 and HB1229 fail even intermediate scrutiny. SheriffsBr.32-55; NonprofitBr.28-29. In holding that the regulation in *Bonidy* passed intermediate scrutiny, this Court emphasized the "stark" difference between the ban at issue and the unconstitutional bans in *Heller* and *McDonald*, which "regulated wholly private activity and applied directly to every citizen within the respective jurisdictions." *Id.* at *5. This Court further noted the government has less flexibility when regulating private activity unconnected to a government service. Here, HB1224 and HB1229 regulate "wholly private activity" and apply to "every citizen."

Appellants also inform this Court of *United States v. Gonzalez*, No.14-40344, 2015WL3874514 (5th Cir. 2015). That case holds that magazines are "firearms components" for purposes of 22 C.F.R. §120.45, which prohibits unauthorized export of firearms components. This decision might be considered relevant to the issue of whether the Second Amendment applies to magazines. See Def.Br.47n.12; BradyBr.8-10; LawCenterBr.10; SheriffsReplyBr.40-42.

Sincerely,

*/s/* Joseph G.S. Greenlee


cc: Matthew Grove
      Jonathan Fero
      John T. Lee
      Molly Allen Moats
      Kathleen Spalding
      Stephanie Scoville
      LeeAnn Morrill

      David B. Kopel
      Peter Krumholz
      Richard Westfall
      Douglas Abbott
      Marc F. Colin
      Anthony J. Fabian