UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| COLORADO OUTFITTERS ASSOCIATION, *et al.*, <br><br> Plaintiffs-Appellants, <br><br> vs. <br><br> JOHN W. HICKENLOOPER, Governor of the State of Colorado, <br><br> Defendant-Appellee, | No. 14-1290 |
| JIM BEICKER, Sheriff of Fremont County, *et al.*, <br><br> Plaintiffs-Appellants, <br><br> vs. <br><br> JOHN W. HICKENLOOPER, Governor of the State of Colorado, <br><br> Defendant-Appellee. | No. 14-1292 |

**REPLY IN SUPPORT OF
ALTERNATIVE MOTION TO SUPPLEMENT RECORD
PURSUANT TO THIS COURT'S EQUITABLE POWER**

Appellants respectfully submit this Reply in support of their alternative motion to supplement the record pursuant to this Court's equitable power.

1. Appellee Governor John W. Hickenlooper ("the Governor") moved to strike certain attachments to Appellants' respective reply briefs, as well as the associated text in those briefs. Appellants filed a response brief opposing the motion to strike, and in the alternative, moved this Court to supplement the record pursuant to its equitable power, as recognized in *United States v. Kennedy*, 225 F.3d 1187 (10th Cir. 2000).[1]

2. The Governor's response to Appellants' alternative motion to supplement ignores the holding in *Kennedy* on which Appellants rely. *Id.* at 1191. In *Kennedy*, this Court observed that Fed. R. App. P. 10(e) "does not countenance supplementing the record in this instance" because the appellant's affidavit had not been before the district court. *Id.* The Governor's response suggests that this is the sum total of this Court's holding in *Kennedy*. It is not.

3. The *Kennedy* court went on to consider whether there was some other basis for supplementing the record, and "agree[d] with the Eleventh Circuit that, under some circumstances, we have an inherent equitable power to supplement the

---

[1] Appellants will limit this brief to the support of their alternative motion. However, the merits of the Governor's motion to strike and Appellants' alternative motion to supplement are necessarily intertwined.

record on appeal." *Id.* at 1192 (citing *Ross v. Kemp*, 785 F.2d 1467 (11th Cir. 1986)). It is this holding on which Appellants rely in support of their alternative motion to supplement. The Governor makes no attempt to address it.

4. As Appellants explained in their response/motion, among the factors this Court will consider in exercising its equitable power is whether acceptance of the proffered material into the record would establish beyond any doubt the proper resolution of a pending issue. *Id.* at 1191. As Appellants further explained, the proffered material establishes two critical issues: (1) that HB 1229 imposes a significant burden on law-abiding Coloradans, and (2) that it is very unlikely that the presence of a magazine of more than 15 rounds affects the number of fatalities in mass shootings.

5. In the Eleventh Circuit decision with which this Court agreed, the court held the interests of justice would best be served by remanding the matter to determine whether the failure to present the evidence to the district court was due to excusable neglect. *Id.* at 1192 (citing *Ross*, 785 F.2d at 1476-77). Here, there has been no such neglect. Although the Governor accuses the Non-Profits of being "dissatisfied with the record [they] developed below," Reply Br. at 3, Appellants merely responded to data introduced by amicus Everytown. *See* Appellants' Response to Motion to Strike & Alternative Motion to Supplement Record, at 3.

6. The Governor accuses the Non-Profits of attempting to "bootstrap supplementation of the record." Reply Br. at 3. This is a curious charge given the State's conduct. In February 2014 the Colorado Bureau of Investigation ("CBI") released private sales data from July 2012 to December 2013. That data was admitted as evidence. (Vol.24:5107) The data disaggregated private gun show sales from other private sales. In a cover letter that accompanied the data, the CBI director stated that the disaggregated figures were a "one-time run of these statistics." *See* Ivan Moreno, *Colorado releases new data on background checks*, PUEBLO CHIEFTAIN, Feb. 28, 2014 (Associated Press), available at http://www.chieftain.com/special/recall/2336181-120/checks-background-private-gun. More than a year later, Everytown's amicus brief attached new 2014 data, showing private sales background checks and corresponding denials, and disaggregating gun show sales from non-gun show sales. *See* Everytown Amicus Br., Attachment A. This data has never been released publicly to Appellants' knowledge, and it contradicts the director's earlier characterization of a "one-time run." It appears, then, that the State privately released data to Everytown so that it could inject the data into this appeal. Bootstrapping, indeed.

7. The Governor also contends that the record should not be supplemented with the statistics discussed and attached to the Sheriffs' Reply Brief

4

because "[n]either the Governor's answer brief nor any of the *amici* relied upon any statistical data on mass shootings beyond what was in the trial record." Reply Br. at 3. This is incorrect. The Brady Center's amicus brief cited and relied upon a statistical study that was never presented at trial. *See* Brady Center Br. at 25 & nn.23-24. That study, conducted by Everytown, claimed that mass shootings committed with "assault weapons" or "high-capacity magazines" (which the study defines as more than 10 rounds) resulted in 63% more fatalities than other mass shootings. In their Reply Brief, the Sheriffs used evidence already in the record to show otherwise.[2]

8. The Governor also contends that the Sheriffs have presented "an advanced statistical analysis that could only be presented by an expert." Reply Br. at 4. Yet this assertion is contradicted by one of the cases the Governor cites. In *Frazier v. Consolidated Rail Corp.*, 851 F.2d 1447 (D.C. Cir. 1988), the court expressly stated that an expert is not always required for purposes of presenting statistics to courts. *Id.* at 1453; *cf. Zuniga v. Boeing Co.*, 133 F. App'x 570, 580-81

---

[2] The Governor also contends that the Sheriffs' data "is based largely on information that was not admitted as substantive evidence." This is incorrect. As Appellants explained in their response/motion, only five out of the 66 incidents contained in the Sheriffs' Appendix had not been admitted as substantive evidence, although those five incidents are contained in the record on appeal. Appellants' response/motion showed that the calculations without those five incidents achieved a nearly identical result.

5

(10th Cir. 2005) (rejecting district court's holding that an expert was necessary to explain the significance of statistical data). Rather, what matters is whether the court has assurances of relevance, reliability, and statistical significance. *Shea v. Kerry*, 961 F. Supp. 2d 17, 49-50 (D.D.C. 2013) (discussing *Frazier*). Here, rather than make an unsupported assertion in the text of their Reply Brief, the Sheriffs, in an effort to be transparent, provided the necessary supporting data and an explanation of their statistical methodology in the Appendix so that the assertion at issue could be properly evaluated.

9. For the reasons set forth herein and in Appellants' response and alternative motion, Appellants respectfully submit that this Court should grant Appellants' alternative motion to supplement the record with the material that was the subject of the Governor's motion to strike.

Respectfully submitted this 9th day of July, 2015.

                                                      BRUNO, COLIN & LOWE, P.C.

                                                     s/Marc F. Colin
                                                     Marc F. Colin
                                                     1999 Broadway, Suite 4300
                                                     Denver, Colorado 80202
                                                     Tel:   303-831-1099
                                                     Fax:  303-831-1088
                                                     mcolin@brunolawyers.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of July, 2015, a true and correct copy of the foregoing pleading was served via ECF on the following:

| | |
|---|---|
| Matthew Grove | matt.grove@state.co.us |
| Jonathan Fero | jon.fero@state.co.us |
| John T. Lee | jtlee@state.co.us |
| Molly Allen Moats | molly.moats@state.co.us |
| Kathleen Spalding | kit.spalding@state.co.us |
| Stephanie Scoville | stephanie.scoville@state.co.us |
| LeeAnn Morrill | leeann.morrill@state.co.us |
| David B. Kopel | david@i2i.org |
| Joseph Greenlee | josephgreenlee@gmail.com |
| Douglas Abbott | dabbott@hollandhart.com |
| Marc F. Colin | mcolin@bcjlpc.com |
| Anthony J. Fabian | fabianlaw@qwestoffice.net |

                                                  s/Bethany Lillis
                                                  Bethany Lillis