**CYNTHIA H. COFFMAN**
Attorney General

**DAVID C. BLAKE**
Chief Deputy Attorney General

**MELANIE J. SNYDER**
Chief of Staff

**FREDERICK R. YARGER**
Solicitor General



**STATE OF COLORADO**
**DEPARTMENT OF LAW**

RALPH L. CARR
COLORADO JUDICIAL CENTER
1300 Broadway, 6th Floor
Denver, Colorado 80203
Phone (720) 508-6000

State Services Section

July 10, 2015

Elisabeth Shumaker, Clerk
United States Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257

RE: Response to Appellant's notice of supplemental authority, *Colorado Outfitters Assn. et al. v. Hickenlooper*, Case No. 14-1290; *Beicker, et al. v. Hickenlooper*, Case No. 14-1292

Dear Ms. Shumaker:

On July 2, 2015, Plaintiffs filed a notice of supplemental authority citing *Bonidy v. United States Postal Service*, No. 13-1374 (10th Cir. June 26, 2015), as support for two propositions. First, they assert that *Bonidy* confirms that strict scrutiny should apply to their claims. In the alternative, they suggest that their claims would prevail under *Bonidy*'s articulation of intermediate scrutiny.

Plaintiffs base their strict scrutiny argument on the analysis underlying *Bonidy*'s alternative holding, which "*assume[d]* that the right to bear arms recognized in *Heller* in the home would also apply, although with less force, outside the home." Slip Op. at 8 (emphasis in original). From this, Plaintiffs leap to a conclusion that appears nowhere in the opinion: that strict scrutiny must apply to "a restriction applicable *inside* the home…" Notice at 2 (emphasis in original). This extends *Bonidy* too far, particularly given the Court's acknowledgement that "[i]ntermediate scrutiny makes sense in the Second Amendment context." *Id.* at 9.

*Bonidy* should instead be read as confirming not just that intermediate scrutiny is generally appropriate when considering Second Amendment challenges—including those involving laws that affect law-abiding citizens— but also as rejecting Plaintiffs' attempts to impose a much more stringent version of that standard than this Court has previously applied. Much of Plaintiffs' briefing was devoted to the idea that intermediate scrutiny under the Second Amendment should incorporate a "narrowly tailoring" requirement. Noting that it is appropriate to require "the government to justify its restrictions, while also giving governments considerable flexibility to regulate gun safety," *id.* at 10, the Court's articulation of intermediate scrutiny required only "that the regulation as a whole [be] substantially related to the USPS's important interest in patron and employee safety." *Id.* at 14. Indeed, the Court specifically rejected the notion that USPS was "constitutionally required to tailor a separate gun carry policy with respect to each of its properties." *Id.*

This Court's analysis in *Bonidy* unequivocally supports the analytical framework applied by the district court and outlined in the Defendant's answer brief.

    Sincerely,

    FOR THE ATTORNEY GENERAL

    *s/ Matthew D. Grove*
    MATTHEW D. GROVE
    Assistant Solicitor General
    Public Officials Unit
    State Services Section
    720 508-6157
    720 508-6104 (FAX)
    Email: matt.grove@state.co.us

cc:    All counsel of record (submitted via CM/ECF)